## Jones *v.* DeMay, Appellant.

*Brokers—Real estate—Procurement of loan—Service—Compensation.*

In an action of assumpsit to recover for services rendered in securing a loan on real estate, a verdict in favor of the plaintiff will be reversed where the evidence failed to establish that the plain-

tiff had ever secured a person or corporation ready to make the loan, or that the same was ever made.

Argued October 3, 1923.  Appeal, No. 48, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1922, No. 944, on verdict for plaintiff, in the case of Harvey P. Jones v. Michael De-May.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Assumpsit to recover commissions for placing a mortgage.  Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500, and judgment thereon.  Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Albert T. Bauerle,* for appellant.—The plaintiff completely failed to prove that he had secured the loan: Thompson v. Goldman, 41 Pa. Superior Ct. 209; Keys v. Johnson, 68 Pa. 42; Welch v. Dakin, 68 Pa. Superior Ct. 361; Horter v. Walsh, 70 Pa. Superior Ct. 442.

*Samuel S. Herman,* of *Herman and Sechler,* for appellee.

OPINION BY HENDERSON, J., December 12, 1923:

The plaintiff's action was brought to recover on a verbal contract with the defendant for securing a second mortgage loan of $25,000 on real estate to be acquired by the latter.

It is averred in the statement of claim that on June 8, 1922, "the plaintiff herein procured and rendered available to the defendant the said sum of $25,000, and so notified the defendant."  The inquiry was whether the

testimony supported the claim.   To entitle the plaintiff to recover it was necessary for him to prove that he had procured a person or an institution able, willing and ready, to furnish the requisite amount.   Plaintiff was a broker and was only entitled to compensation when this service was rendered.   From the evidence it appears that after his arrangement with the defendant the plaintiff applied to Mr. Herman; that the latter referred the application to Mr. Becker, who applied to Mr. Seymour a real estate broker.   None of these persons were lenders of money; they were real estate agents or engaged in the negotiation of loans.   Seymour testified that he applied to Mr. Schlichter a real estate broker.   The conversation was by telephone.   Schlichter said to him there would be "no trouble in securing the mortgage money, that he could secure it very readily and guaranteed me that, as a matter of fact."   Schlichter was not called as a witness.   No person, association, corporation or partnership was named as the lender nor is there any evidence that any person or institution able and willing to take the loan accepted it.   The extent to which the evidence goes is that Seymour told the plaintiff that another broker had said to him over the telephone that he could secure a loan.   But the defendant did not contract for a promise.   It is plain the plaintiff could not name or identify to the defendant any person who had accepted the property as security for the amount desired nor is it pretended that the loan was accepted by anyone, and in such circumstances we cannot hold that there was compliance by the plaintiff with his undertaking to produce to the defendant a lender ready and able to take the mortgage.

The letter of Seymour to Becker was incompetent as evidence but was not objected to.   It is nothing more, however, than a statement between persons not parties to the action, and does not add strength to the plaintiff's claim.

A careful examination of the evidence convinces all of us that the plaintiff has failed to produce evidence show-

ing performance on his part of the agreement set forth in the statement of claim.

Judgment is reversed.